

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| PHILLIP L. STIMAC; In Defense of a Lady, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>ERIC HOLDER, U.S. Attorney General; DAN BOGDEN, U.S. Attorney for the District of Nevada; SCOTT PEARSON, Individually and as Justice of the Peace, Small Claims Court for Washoe County, Township of Reno; PATRICK KING, Individually and as Assistant Bar Counsel, State Bar of Nevada; PENNY L. BROCK; MICHELLE BURROWS; LAW OFFICES OF MICHELLE BURROWS; JERRY BROWN, Individually and as Governor or the State of California; ANN GUST,<br><br>    Defendants. | 3:12-cv-00576-RCJ-WGC<br><br>**ORDER** |

    Before the Court are several motions by Plaintiff, and Defendants' Motion to Dismiss. For the reasons stated herein, the Court orders the Action dismissed under the doctrine of res judicata, and therefore renders the motions moot.

**I.    FACTS AND PROCEDURAL HISTORY**

    This Complaint has been filed by Plaintiff to repeatedly raise alleged grievances which have previously been dismissed with prejudice by this Court. On May 27, 2011, Plaintiff filed a complaint, *Stimac v. Obama*. See *Stimac v. Obama*, 3:11-cv-00381-RCJ-RAM. *Stimac v. Obama* was dismissed *sua sponte* because Plaintiff's complaint was found to be based on fanciful factual allegations, and to be patently frivolous.

## II. LEGAL STANDARDS

As a general matter, a court may, *sua sponte,* dismiss a case on preclusion grounds "where the records of that court show that a previous action covering the same subject matter *and parties* had been dismissed." *Evarts v. W. Metal Finishing Co.,* 253 F.2d 637, 639 (9th Cir.1958). However, "[w]here no judicial resources have been spent on the resolution of a question, trial courts must be cautious about raising a preclusion bar *sua sponte,* thereby eroding the principle of party presentation so basic to our system of adjudication." *Arizona v. California,* 530 U.S. 392, 412-13 (2000).

"The doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action," and "is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." *In re Schimmels,* 127 F.3d 875, 881 (9th Cir.1997) (internal quotation marks omitted). The Ninth Circuit has enumerated four issues in considering claim preclusion of res judicata: (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important. *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201-02 (9th Cir.1982).

Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981) (emphasis added). An action is barred when an earlier adjudication: (1) involved the same claim as the later action; (2) reached a final judgment on the merits; and (3) involved the same parties or their privies. *Cent. Delta Water Agency v. United States,* 306 F.3d 938, 952 (9th Cir.2002), *citing Blonder–Tongue Labs. v. Univ. of Ill. Found.,* 402 U.S. 313, 323–24, (1971). "'Privity' ... is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject

2

matter involved.'" *Schimmels,* 127 F.3d at 881 (quoting *Southwest Airlines Co. v. Tex. Int'l Airlines, Inc.,* 546 F.2d 84, 94 (5th Cir.1977)).

### III.  DISCUSSION

Because an order has been entered from these chambers which involves the same claims, includes many of the same parties, and reached a final judgment, the Action before the Court is barred by the doctrine of res judicata. *See Cent. Delta Water Agency,* 306 F.3d at 952.

### CONCLUSION

For the foregoing reasons, IT IS ORDERED that this Complaint be DISMISSED with prejudice.  IT IS further ORDERED that Plaintiff's Motion for Mediation and Other Early Neutral Resolution Programs (ECF No. 10); Motion to Disqualify The Honorable Robert Jones (ECF No. 24); the Motion for Entry of Clerks Default (ECF No. 25); the Motion for Default Judgment (ECF No. 26); the Motion for Default Judgment (ECF No. 27); and Defendants' Motion to Dismiss (ECF No 33) are RENDERED MOOT.

DATED: This 17th day of May, 2013.

_____
United States District Judge