```
_____ FILED              _____ RECEIVED
_____ ENTERED            _____ SERVED ON
                            COUNSEL/PARTIES OF RECORD

            MAY 1 7 2013

        CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PHILLIP L. STIMAC; In Defense of a Lady, Inc.,

        Plaintiff,

    v.

ERIC HOLDER, U.S. Attorney General; DAN BOGDEN, U.S. Attorney for the District of Nevada; SCOTT PEARSON, Individually and as Justice of the Peace, Small Claims Court for Washoe County, Township of Reno; PATRICK KING, Individually and as Assistant Bar Counsel, State Bar of Nevada; PENNY L. BROCK; MICHELLE BURROWS; LAW OFFICES OF MICHELLE BURROWS; JERRY BROWN, Individually and as Governor or the State of California; ANN GUST,

        Defendants.

3:12-cv-00576-RCJ-WGC

**ORDER**

Before the Court are several motions by Plaintiff, and Defendants' Motion to Dismiss. For the reasons stated herein, the Court orders the Action dismissed under the doctrine of res judicata, and therefore renders the motions moot.

## I.    FACTS AND PROCEDURAL HISTORY

This Complaint has been filed by Plaintiff to repeatedly raise alleged grievances which have previously been dismissed with prejudice by this Court. On May 27, 2011, Plaintiff filed a complaint, *Stimac v. Obama. See Stimac v. Obama*, 3:11-cv-00381-RCJ-RAM. *Stimac v. Obama* was dismissed *sua sponte* because Plaintiff's complaint was found to be based on fanciful factual allegations, and to be patently frivolous.

1

## II.   LEGAL STANDARDS

2       As a general matter, a court may, *sua sponte,* dismiss a case on preclusion grounds

3  "where the records of that court show that a previous action covering the same subject

4  matter *and parties* had been dismissed." *Evarts v. W. Metal Finishing Co.,* 253 F.2d 637,

5  639 (9th Cir.1958). However, "[w]here no judicial resources have been spent on the

6  resolution of a question, trial courts must be cautious about raising a preclusion bar *sua*

7  *sponte,* thereby eroding the principle of party presentation so basic to our system of

8  adjudication." *Arizona v. California,* 530 U.S. 392, 412-13 (2000).

9       "The doctrine of *res judicata* provides that a final judgment on the merits bars further

10  claims by parties or their privies based on the same cause of action," and "is central to the

11  purpose for which civil courts have been established, the conclusive resolution of disputes

12  within their jurisdiction." *In re Schimmels,* 127 F.3d 875, 881 (9th Cir.1997) (internal

13  quotation marks omitted).  The Ninth Circuit has enumerated four issues in considering

14  claim preclusion of res judicata: (1) [W]hether rights or interests established in the prior

15  judgment would be destroyed or impaired by prosecution of the second action; (2) whether

16  substantially the same evidence is presented in the two actions; (3) whether the two suits

17  involve infringement of the same right; and (4) whether the two suits arise out of the same

18  transactional nucleus of facts. The last of these criteria is the most important. *Costantini v.*

19  *Trans World Airlines,* 681 F.2d 1199, 1201-02 (9th Cir.1982).

20       Under the doctrine of claim preclusion, "a final judgment on the merits of an

21  action precludes the parties or their privies from relitigating issues that were *or could have*

22  *been* raised in that action." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)

23  (emphasis added).  An action is barred when an earlier adjudication: (1) involved the same

24  claim as the later action; (2) reached a final judgment on the merits; and (3) involved the

25  same parties or their privies. *Cent. Delta Water Agency v. United States,* 306 F.3d 938, 952

26  (9th Cir.2002), *citing Blonder–Tongue Labs. v. Univ. of Ill. Found.,* 402 U.S. 313, 323–24,

27  (1971). "'Privity' ... is a legal conclusion 'designating a person so identified in interest with a

28  party to former litigation that he represents precisely the same right in respect to the subject

2

1 │ matter involved.' " *Schimmels,* 127 F.3d at 881 (quoting *Southwest Airlines Co. v. Tex. Int'l*
2 │ *Airlines, Inc.,* 546 F.2d 84, 94 (5th Cir.1977)).

3 │ **III.    DISCUSSION**

4 │ Because an order has been entered from these chambers which involves the same
5 │ claims, includes many of the same parties, and reached a final judgment, the Action before
6 │ the Court is barred by the doctrine of res judicata. *See Cent. Delta Water Agency,* 306 F.3d
7 │ at 952.

8 │ **CONCLUSION**

9 │ For the foregoing reasons, IT IS ORDERED that this Complaint be DISMISSED with
10 │ prejudice.  IT IS further ORDERED that Plaintiff's Motion for Mediation and Other Early
11 │ Neutral Resolution Programs (ECF No. 10); Motion to Disqualify The Honorable Robert
12 │ Jones (ECF No. 24); the Motion for Entry of Clerks Default (ECF No. 25); the Motion for
13 │ Default Judgment (ECF No. 26); the Motion for Default Judgment (ECF No. 27); and
14 │ Defendants' Motion to Dismiss (ECF No 33) are RENDERED MOOT.

16 │ DATED: This 17th day of May, 2013.

21 │ United States District Judge

3